Mr. Justice McLEAN
 

 delivered the opinion of the court.
 

 This action was brought in the Circuit Court for the district of Illinois, on a bond given by Prescott, with the other defendants as - his sureties, for his faithful performance of the duties of receiver of public moneys, at Chicago, in the -state of Illinois. The defence' pleaded was, that-the sum not paid over by the defendant, Prescott, and for which the action was brought, had been feloniously stolen, taken, and carried away, from his possession, by some person or persons unknown to him, and without any fault or negligence on his part; and he avers that he used ordinary care and diligence in keeping said money, and preventing it from being stolen.
 

 To this plea, the plaintiffs filed a'general demurrer; and on the argument of the demurrer; the opinions of the judges'were opposed on the question, whether “ the felonious taking and carrying away the public-moneys in the-custody of a receiver'of public moneys, without any fault or negligence on his part, discharged him and his sureties, and may be set up as á defence to án action on his official bond ?”. And this point is now before this court, it having been certified, to'us under the act of Congress.
 

 On the part of the defendant it is contended that the defendant; Prescott, was a depositary for hire; and that unless his liability was enlarged by the special contract ter keep safely, he is only subject to the liabilities imposed by laugupon such a depositary; that the'special contract does not enlarge'his liability.
 

 ' This is not a casé of bailment, and, consequently, the law of bailment does not apply to it. The liability of the defendant, Prescott, arises out of his official bond., and principles which aré founded upon
 
 *588
 
 public- policy. The conditions of -the bond, are, that the' said Prescott has “ truly and faithfully executed and discharged, and shall truly and faithfully continue to execute and discharge, all the .duties .of said office,” (of receiver of public moneys at Chicago,) “ according to the laws of the United States; and moreover has .well, truly, ana faithfully, and shall well, truly, and faithfully,.'keep safely, without loaning of using, all the public moneys collected by him, ór otherwise at any time placed in his possession and custody, till the same had been or should be .ordered, by the proper department .or officer of the government, to1 be transferred or paid out; and when such orders for transfer or payment-had. been or should be received, had. faithfully and promptly made, and would faithfully and promptly make, the same, as directed,” &e. •
 

 The condition of,the bond, has'been broken, as the defendant, Prescott,, failed to pay- over the money received by-him, when re-qiiired to do so; and the question is, whether he shall be exonerated from the condition of his bond, on the ground'that the money had-been stolen from him?
 

 The objection to this defence is, that it is not within ;the condition of the bond; and tl is would , seem to be conclusive. • The contract was entered .into on his part, and there is no allegation of failure on the part of the government; haw, then, can Prescott be discharged from his bond ? He knew the extent of. his obligation, when he entered into it, and he has realized the fruits of this .obligation by the enjoyment of the office. Shall he be discharged from nability, contrary to his' own express undertaking? There is no'principle, on which such a defence can be sustained. The obligation to keep Isately the public, money is absolute, , without any condition, express or implied; and' nothing but the payment of k, when required, can discharge the bond.
 

 The case of Foster et al.
 
 v.
 
 The Essex Bank, 17 Mass. Rep. 479, was a mere nakéd bailment, and of bourse does not apply in principle to this case, The deposit in that case’ was for.the. accommodation of .the depositor, and.without any advantage to the bank, as the court say, “ which can tend to increase -its liability. No control whatever of the chest, or of the gold contained in it, was left, with the bank or . its officers. It would have been a breach of trust to have, opened the chest, or to inspect its contents.”
 

 Public, policy requires that every depositary of the'public -money-should be held to a strict accountability.- Not only that.he should exercise .the highest degree of vigilance, but that.“he should keep safely” the -moneys which come to .his . hands.. Any relaxation of -this condition would open a door to frauds,, which might, be prac-tised with impunity. . A depositary would have nothing more to do than to lay his plans and arrange his proofs, so. as to establish his loss,'without laches on his. part. Let such a,principle be. applied to oúr postmasters, .collectors of the customs, - receivers of. public
 
 *589
 
 moneys, and others who receive more or léss of the public funds, ’ and what losses might not be anticipated by the public? No such-principle has been recognised or admitted as a legal defence. And it is believed the instances are few, if indeed any can be found, ■Where any relief has been given in such .cases by .the interposition of Congress.
 

 As every depositary receives the office with a full knowledge of its responsibilities, he cannot, in case of loss, complain of hardship. He must stand by his bond, and meet the hazards which he volunta-' rily incurs.
 

 The question certified to us is answered, that the defendant, Prescott, arid his sureties, are not discharged from the bond, by a felonious stealing of the money, without any fault or negligence on the . part df the depositary;- and, consequently, that no such defence to ' the bond can be made.