## MUZZY, supervisor, *vs.* SHATTUCK, MUIR and WELLS.

. n an action against a town collector and his sureties, on the official bond executed to the supervisor, brought for the default of the collector in not paying to the county treasurer the money required to be collected by the annual tax list and warrant issued by the board of supervisors, it is no defence that the collector had collected the money, and that the same had been stolen from his dwelling house " without any fault, want of care or omission of duty," on his part.

The provisions of the revised statutes impose a definite liability on the collector and his sureties, for the omission to collect and pay over the taxes, and they are responsible whether the omission is the result of misfeasance, unavoidable accident, or a felony committed by another. *Per* JEWETT, J.

In a plea setting up a loss of the money by theft, where such loss would furnish a defence to the officer, the collection of the money should be positively averred, and it should be shewn that the same identical money had been stolen. *Per* JEWETT, J.

In debt on bond a single plea containing the substance of *non est factum* and *nil debet* is bad.

DEMURRER to pleas. The declaration is on a bond dated December 2, 1843, executed by Shattuck, as collector of the town of Hamilton, with Muir and Wells as his sureties, to the plaintiff as supervisor of that town, in the penalty of $4757,70, conditioned that Shattuck should faithfully execute the duties of his office of collector of Hamilton, to which, it was recited, he had been appointed.

The plaintiff, for the purpose of assigning breaches pursuant to the statute, averred that he, the plaintiff, was at the time of executing the bond, and yet remained, supervisor of Hamilton, and that the defendant Shattuck took upon himself the office of collector, and that, to wit, on the 2d day of December, 1843, the board of supervisors of Madison county delivered to Shattuck, as collector, the assessment roll and tax list of the town of Hamilton, with a warrant annexed, under the hands and seals of the supervisors, requiring him to collect the taxes mentioned in the list, amounting to $2378,85, and after paying certain sums to the supervisor and to the town superintendent of common schools, to pay the residue, retaining his commissions, to the

treasurer of Madison county, by the first day of February then next, which sum so to be paid to the treasurer was averred to be $1507,80 ; that Shattuck had neglected, within the time fixed by law, to make the payment to the treasurer, or to account for the amount as unpaid according to the statute; that the treasurer, pursuant to the statute, had issued his warrant to the sheriff against Shattuck for the collection of the amount from him, and that the same had been returned *nulla bona*, &c. except as to $36,30 which the sheriff had collected and paid over, and that the treasurer had thereupon given notice to the plaintiff that Shattuck was in default to the amount of $1471,50, which it is averred still remains due, and for the non-payment of which the breach is assigned. .

Shattuck pleaded, *first*, that the said writing obligatory is not his deed, " nor is he indebted to the said plaintiff in manner and form," &c. *Second*, that on, &c. " after he had collected the said moneys upon the said warrant issued by the said board of supervisors, &c. and before the return day of the said warrant, at the dwelling house of the said defendant in the town of Hamilton aforesaid, the said moneys in the said declaration mentioned as the amount to be paid over to the said treasurer of the county of Madison, were feloniously stolen, taken and carried away from the said dwelling of the said defendant, by some person or persons unknown to the said defendant, who burglariously broke into the said dwelling house of the said defendant, in the night time, for that purpose ; and that the said moneys were so stolen, taken and carried away feloniously as aforesaid, without any fault, want of care or omission of duty on the part of the said defendant ; by means whereof the said defendant has become wholly unable to pay over the said moneys to the said county treasurer, or otherwise to account for the same," concluding with a verification.

Muir and Wells jointly pleaded two pleas, setting forth in each, in substance, the same defence contained in Shattuck's second plea. But they contained a positive statement that Shattuck had faithfully collected the moneys mentioned in the war-

rant, and that the moneys stolen were the identical moneys which he had collected.

The plaintiff demurred to these several pleas, assigning for cause, as to the first plea of Shattuck, (1) that it is double, and (2) that it seeks to interpose the plea of *nil debet* to an action of debt on bond; and as to the other pleas, that they interpose no matter of defence, but tender immaterial issues, &c. Shattuck's second plea was also objected to for the reason that it did not aver positively that he had collected the moneys mentioned in the warrant. The defendants respectively joined in demurrer.

*Sherwood & Nye* and *G. W. Hungerford,* for the defendants, relied on *The Supervisors of Albany Co.* v. *Dorr, &c.* (25 *Wend.* 440.) They also cited *Story on Bailments,* 302, 390; 2 *Kent's. Com.* 610; *Lane* v. *Cotton,* (1 *Ld. Raym.* 646;) *Whitfield* v. *Ld. Le Despencer,* (*Cowper,* 754;) *Bartlett* v. *Crozier,* (17 *John. Rep.* 439.)

*J. S. Masters,* for the plaintiff. As to Shattuck's first plea, he cited *Jansen* v. *Ostrander,* (1 *Cowen,* 670;) 1 *Chitty's Pl.* 483. Upon the other questions he referred to 1 *id.* 539; *Comyn on Contr.* 99, and the several provisions of the revised statutes relating to the duties and obligations of collectors.

*By the Court,* JEWETT, J. The main question which the defendants make in this case, is, whether a town collector of taxes is responsible for the payment of the taxes collected by him, to the several public officers, to whom he is directed to pay by his warrant, though the moneys thus collected have been stolen from his possession without any fault, want of care or omission of duty on the part of such collector.

It is supposed that the principle was decided in favor of the defendants in the case of *The Board of Supervisors of Albany* v. *Dorr and others,* (25 *Wend.* 440.)(*a*) It is insisted by the de-

---

(*a*) The judgment of the supreme court in this case was affirmed by the court for the correction of errors, in December, 1844.

fendants that they are only liable for the misfeasance or neglect of Shattuck in discharging the duties imposed by virtue of his office and the statute—and that he ought to be regarded as the depositary or bailee for hire of the money collected by him, and not as a debtor for the amount collected.

The statute (1 *R. S.* 346, § 19) requires that "Every person chosen or appointed to the office of collector, before he enters on the duties of his office, and within eight days after he receives notice of the amount of the taxes to be collected by him, shall execute to the supervisor of the town and lodge with him a bond, with one or more sureties to be approved by such supervisor, in double the amount of such taxes, conditioned for the faithful execution of his duties as such collector." The bond is required to be filed within six days thereafter in the office of the county clerk, who is required to make an entry thereof in a book to be provided by him, in the same manner in which judgments are entered of record; and the statute declares it shall be a lien on all the real estate held jointly and severally by the collector or his sureties within the county, at the time of filing thereof, and shall continue to be such lien till its condition, together with all costs and charges which may accrue by the prosecution thereof, shall be fully satisfied. The statute (1 *R. S.* 398, § 6) makes it the duty of every collector, within one week after the time mentioned in his warrant for paying the moneys directed to be paid to the town officers of his town and to the county treasurer, to pay to such town officers and county treasurer the sums required in such warrant to be paid to them respectively, first retaining the compensation to which he may be legally entitled. In payment of such moneys, the town officers to whom paid are required to deliver to the collector duplicate receipts therefor, one of which is required to be filed by the collector with the county treasurer, which entitles him to a credit in the book of the county treasurer for the amount therein stated to have been received; and no other evidence of such payment can be received by the treasurer. Section 10 provides, that if any of the taxes mentioned in the tax list annexed to his warrant shall remain unpaid, and the collector shall not be able to

collect the same, he shall deliver to the county treasurer an account of the taxes so remaining due, and upon making oath before the county treasurer, or in case of his absence, before any justice of the peace, that the sums mentioned in such account remain unpaid, and that he has not, upon diligent inquiry, been able to discover any goods or chattels belonging to, or in the possession of, the persons charged with or liable to pay such sums, whereon he could levy the same, he *shall be credited* by the county treasurer with the amount thereof. The 13th section of the same statute enacts as follows: "If any collector shall *refuse or neglect* to pay to the several town officers of his town, or to the county treasurer, the sums required by his warrant to be paid to them respectively, or either of them, or to account for the same as unpaid, the county treasurer shall, within 20 days after the time when such payments ought to have been made, issue a warrant under his hand and seal, directed to the sheriff of the county, commanding him to levy such sum as shall remain unpaid and unaccounted for by such collector, of the goods and chattels, lands and tenements of such collector, and to pay the same to the county treasurer, and return such warrant within forty days after the date thereof: which warrant the county treasurer shall immediately deliver to the sheriff of the county." The 14th and 15th sections of the act prescribe the duty of the sheriff on the receipt of the warrant, and in substance, require the sheriff to execute the warrant and make return to the county treasurer within the time limited by the warrant, and to pay to the treasurer the money, if any, collected, retaining his fees; and in case the sheriff fails to collect the whole amount due from the collector, he is required to state the amount levied, and certify that such collector has no goods, &c., from which the moneys, or the residue can be levied, and in case no part, or only a part, shall be levied by the sheriff, the treasurer shall forthwith give notice to the supervisor of the town of the amount due from such collector. The 16th section provides that "The supervisor shall forthwith cause the bond of such collector to be put in suit, *and shall be entitled to recover thereon the sum due from such collector with costs of suit."*

I cannot assent to the proposition that the liability of the collector is limited, by the common law rule applicable to the ordinary case of misfeasance or neglect in the discharge of the duties of office, by a public officer. The provisions of the statute seem to me to recognize the collector of taxes in the light of a *debtor* for the amount of the taxes directed to be collected, and to provide the manner in which that obligation is to be discharged: First, by the 10th section it is provided that the collector shall present to the treasurer of the county an account of the taxes remaining due, and which cannot be collected, making oath that the sums mentioned in such account remain unpaid, &c., upon which he is to be *credited* with such amount. Second, by *payment* to the several officers mentioned in his warrant, the balance remaining after being credited for such taxes as cannot be collected, to be proved as provided by the 10th section. Nothing short of a credit or payment, in my judgment, amounts to the performance of the condition of the bond; and that this is the true construction of the condition of the bond, is evident from the various provisions of the statute. After the neglect or refusal of the collector to collect and pay, and the failure of the sheriff to levy under the warrant of the treasurer have occurred, it is made the duty of the supervisor to put the bond of the collector in suit, and the statute declares that the supervisor, in such case, (1 *R. S.* 401, § 16,) *shall be entitled to recover thereon the sum due from such collector*, with costs of suit. The statute imposes a definite liability on the collector and his sureties for the omission to collect and pay, and whether that omission is the result of misfeasance or neglect, unavoidable accident, or felony committed by another, I do not think it furnishes any defence to the action.

It is also objected that the second plea of the defendant Shattuck is bad, on the ground that it does not contain any positive averment that the defendant had collected the money. If the loss of the money, after it has been collected, by theft, is a defence, it must follow that the plea should aver the collection of the money, and the loss of the *identical money* collected, to enable the plaintiff to take issue on that fact. In this plea, neither

the collection of the money, or loss of the identical money collected, is averred, though the collection of the money directed to be collected is stated by way of recital. I think the objection to the plea, for that cause, is also well taken.

The first plea of the defendant Shattuck is claimed by the plaintiff to be bad by reason of duplicity; but the defendant insists that that portion of the plea denying that the defendant is indebted to plaintiff, may be regarded as surplusage, and the plea stand. The plea unites *non est factum* and *nil debet.* The latter, pleaded alone to debt on bond, is confessedly bad on demurrer. I am unable to see, that its identity is lost, or character changed, on account of its union with *non est factum*, and I do not think that it is so harmless as that it may be regarded merely as surplusage.

I think the demurrers to all the pleas well taken. · The defendants must have leave to amend on the usual terms.

Judgment accordingly.

