Bowen, J.
The act prescribing the duties of county treasurers (Stat. 1008), provides for their election, term of office, oath, and bond. It makes them public officers, and requires of them the perform - anee of responsible duties. One who is elected to, and enters upon the duties of the office, must give bond with four or more freehold sureties, conditioned for the paying over of .all moneys which shall come into his hands for state, county, township, or other purposes. He shall, on the first Monday of Juno, annually, make a full settlement of his accounts with the commissioners of the county, and on going out of office, it is his duty to deliver to his successor all public money in his possession belonging to the office.
By section 24 of the act, if any county treasurer shall “ fail to pay over all money with which he shall stand charged, at the time and in the manner prescribed by law, suit may be instituted against him and his sureties in the court of common pleas, of his county; and it is made lawful for the court, at the first term thereafter, to render judgment against them for the amount due from such treasurer, with legal interest, and a penalty of ten per centum thereon; from which judgment there shall be no appeal, *or stay of [619 execution, and the property of such delinquent treasurer, and his sureties, may be sold, without appraisement, to satisfy such judgment.”
By accepting the office, the treasurer assumes upon himself the *611 ■duty of receiving and safely keeping the public money, and of paying it out according to law. His bond is a contract that he will not not fail, upon any account, to do those acts. It is, in effect, an insurance against the delinquencies of himself, and against the faults :and wrongs of others in regard to the trust placed in his hands. He voluntarily takes upon himself the risks incident to the office, and io the custody and disbursement of th,e money. Hence it is not a •sufficient answer when sued for a balance found to have passed into •his hands, to say that it was stolen from him; for even if the larceny of the money be shown to be without his fault, still, by the terms ' of the law, and of his contract, he is bound to make good any deficiency which may occur in the funds which come under his charge. Muzzy v. Shattuck et al., 1 Denio, 233; United States v. Prescott et al., 3 How. 578; Commonwealth v. Comly, 3 Penn. St. 372. The distinction .between this and a common case of bailment, is that the law of the latter is generally founded upon the absence of any positive engagements between the parties to the hiring, or as it is called, the locatio-conductio, and therefore the question arises, what obligations may, with reference to public policy and general convenience, be implied by law in the absence of such positive engagements. 'The express contract of the parties may, as in the case now under ■consideration it has done, vary or supersede those derived from the law of bailments. Story on Bail. 7.
The 118th section of the code authorizes irrelevant matter, in-■serted in any pleading, to be stricken out on motion of the party -'611] prejudiced thereby. This made it ^competent for the plaintiff to .move the court to strike out the defendant’s answer, if the matters which it contained were irrelevant, and formed no ground of ■defense to the action. The motion, in such case, took the place, .and served the office of a demurrer. By the act of February 20, 1856, amendatory of the 101st section of the code, the plaintiff may -demur to the answer for insufficiency, and this law necessarily •supersedes the practice of moving to strike the answer from the files. The answer and motion in this case were filed before the .adoption of the last-named act, and are, therefore, not affected by it.
The defendant’s answer is set aside for insufficiency, and the ■cause remanded for further proceedings.
Bartley, C.. J., and Swan and Brinkerhoee, JJ., concurred.
Scott, J., having formerly been of counsel in this case, did not ■participate in'its decision.