71 U.S. 182
 18 L.Ed. 319
 4 Wall. 182
 UNITED STATES
v.
DASHIEL.
 December Term, 1866
 
 ERROR to the District Court of the United States for the Western District of Texas.
 The suit was brought on the official bond of Dashiel, a paymaster in the army of the United States, and Paschall, one of his sureties, for breach of the condition in not paying over or accounting for public money that come into his hands.
 The only defence set up was by way of plea or answer, and in substance is, that Dashiel received of the government $28,000 in gold, at Charleston, S. C., 15th June, 1857, for the purpose of paying off the troops at Forts Dallas and Capron, in Florida, and being compelled to stop at Pilatka several days, some $13,000 of the money were stolen from him—$3320 of which were afterwards recovered—and insists that he is not liable for the remaining $9675 so lost.
 On the trial, the government gave in evidence properly authenticated transcripts, from the books and proceedings at the Treasury, of the account of Dashiel, showing a balance against him on the 15th of September, 1858, of $20,085.74 and costs.
 The defendant then offered evidence tending to prove the loss of the money set up in the answer or notice, which was objected, to on the part of the government, but admitted by the court, and which is set out in the record.
 The court, among other things, instructed the jury that the theft or robbery, if satisfactorily proved, was a good defence, if it did not occur from any want of proper care and vigilance on the part of the officer; under which instruction the jury found a verdict for the government for the balance due, after deducting the $9675.
 A motion for a new trial on the part of the plaintiff having failed, the case was now here; the instruction above given being the matter complained of.
 
 Mr. Stanbery, A. G., and Mr. Ashton, Assistant A. G., for the United States, plaintiff in error:
 
 It is an adjudicated principle that the felonious stealing, taking, and carrying away the public moneys in the custody of a receiver and disburser of public moneys without any fault or negligence on his part, does not discharge him or his sureties from the obligation of his official bond, and constitutes no defence to an action by the United States on that bond.
 United States v. Prescott et al.* is in point. The defendant was receiver of public moneys at Chicago, and gave bond for the faithful discharge of the duties of his office, which required him to keep safely all the public moneys in his custody, and to pay over the same when required so to do. In the action brought against him and his sureties for the recovery of moneys intrusted to his care, the defendant pleaded that a portion of the same had been stolen from the office without any fault or negligence on his part. On a demurrer by the United States, the question arose, and was certified to this court for its opinion, whether that fact constituted a defence to an action on his official bond for the recovery of the stolen money. The court says: 'The liability of the defendant, Prescott, arises out of his official bond and principles which are founded upon public policy. The condition of the bond has been broken, as the defendant, Prescott, failed to pay over the money received by him when required; and the question is, whether he shall be exonerated from the condition of his bond on the ground that the money had been stolen from him? The objection to this defence is, that it is not within the condition of the bond; and this would seem to be conclusive. Public policy requires that every depositary of the public money should be held to strict accountability. Not only that he should exercise the highest degree of vigilance, but that he 'should keep safely' the moneys which come to his hands. Any relaxation of this condition would open the door to frauds, which might be practised with impunity. A depositary would have nothing more to do than to lay his plans and arrange his proofs so as to establish loss, without laches on his part. As every depositary receives the office with a full knowledge of its responsibilities, he cannot, in case of loss, complain of hardship. He must stand by his bond, and meet the hazards which he voluntarily incurs.'
 In the subsequent case of United States v. Morgan et al.,** this court applied those principles with the same rigor in an action by the United States against a collector of customs.
 A demurrer was made in United States v. Prescott to a plea such as is here set up, and undoubtedly a demurrer would have lain here.
 The ruling and charge of the court below were in direct violation of both the adjudications cited.
 
 Mr. G. W. Paschall, contra:
 
 1. It is insisted by the Attorney-General, that a demurrer lay to this plea, as in the case of United States v. Prescott. But in the case at bar no demurrer was interposed; no exception was taken to the plea, and thereby the plaintiff virtually admitted that if the facts should be proven they would constitute a good defence. The objection to the evidence came too late. It was good enough for the plea, and, as no demurrer was taken to the plea, it was good enough to admit the evidence.
 2. No exceptions were taken to the evidence when offered, or to the charge of the court when given.
 3. Even if the bill of exceptions had been taken, or the point reserved, by moving for a new trial the plaintiff waived the objections to the evidence and to the charge; and as this court will not consider the merits of the motion, there is really nothing before the court. The general common-law principle is, that a motion for a new trial does waive the bill of exceptions.
 Mr. Justice NELSON delivered the opinion of the court.
 
 
 1
 The question involved in this case has been already twice decided by this court, and need not again be examined. The decisions will be found in 3 Howard, 578 (United States v. Prescott and others) and 11 Ib. 160 (Same v. Morgan and others).
 
 
 2
 It is insisted on the part of the defendants that as the plea was not demurred to, but went to issue, the evidence of the robbery supported it, and that the court was therefore right in admitting it and in giving the instructions to the jury. We are not advised as respects the system of pleading that may have been adopted in the court below, but whatever it may be it can hardly justify or require the court to give an instruction to the jury contrary to law, and especially when the plea itself, as it is called, constituted no defence to the action, but was frivolous and would have been stricken from the record as such on a proper motion in the court below. This plea in answer is but a notice of special matter by way of set-off, or abatement of the amount claimed against the defendants. It went only to part of the cause of action. To have constituted it a plea in bar of the action the amount beyond the sum lost should have been tendered and brought into court, setting up the theft as to the balance.
 
 
 3
 It is urged that no exception was taken to the ruling of the court at the trial; but this is a mistake. It was taken in express terms to the particular instruction in question.
 
 
 4
 It is also insisted that the motion for a new trial in the court below was a waiver of the exception. The practice is every day otherwise.
 
 
 5
 JUDGMENT REVERSED AND VENIRE DE NOVO.
 
 
 
 *
 3 Howard, 578.
 
 
 **
 11 Howard, 160.