BRADLEY, supervisor, v. WARD *et al.*, appellants.*

*Tax collector — action on bond for uncollected taxes — tax warrant.*

Action by a supervisor against a tax collector and his sureties, on a bond
given in pursuance of a statute extending the time for the collection of
taxes, to recover the balance of the amount named in the warrant which
the collector had neither paid over nor relieved himself from liability for in
the manner provided by law. Defense, that the assessment roll and war-
rant were not delivered to the collector at the time required by law; that
the warrant did not contain any return day; that the warrant was only
partly filled out when executed by the board of supervisors, and that the
collector had paid over all moneys collected. *Held*, that these facts did not
constitute a valid defense.

THIS action was brought by the plaintiff, as supervisor of the town
of Middletown, against the collector of taxes and the sureties on his
bond. The bond was given in pursuance of chapter 73, Laws 1872,
providing for the extension of time for the collection of the taxes
to the 25th of May, 1872. The bond recited that defendant Ward
had received the assessment roll and warrant, and that there was
still to be collected the sum of $29,000, and that the time for such
collection had been extended to the 25th of May, 1872, and was con-
ditioned that said Ward should faithfully execute the duties of col-
lector. The plaintiff proved the execution of the bond, and that
the collector had failed to pay over the sum of $1,565; that the
county treasurer had issued to the sheriff, pursuant to 1 R. S.(Edm.
Ed.) 372, § 13, his warrant directing him to collect that sum from
said Ward; that the warrant was returned by the sheriff *nulla bona*,
and that the county treasurer had duly notified the supervisor of
said facts pursuant to the statute.

The defendants set up in defense that the assumed assessment
roll and warrant were not delivered to defendant Ward, by Decem-
ber 15, 1871 (as the law requires), nor until January 31, 1872; that
the warrant did not contain any return day; that the warrant was
only partly filled out when executed by the board of supervisors;
that the time for collection by defendant Ward was never extended
and indorsed on the warrant, as required by chapter 10, Laws 1872;

---

* In *Greenfield, Supervisor* v. *Ward et al.*, decided at the same term, the material facts
were the same and the same opinion was delivered.

that the assessment was therefore invalid, and that Ward had faithfully performed all duties lawfully imposed upon him.

Upon the trial the court excluded the evidence offered to maintain this defense, and directed a verdict for the plaintiff. Defendant appealed.

*Wilson & Wallis,* for appellant. The defendants were not estopped, by their bond, to prove the defenses set up. *Brewster* v. *Striker,* 2 N. Y. 41; *Caldwell* v. *Colgate,* 7 Barb. 254; *Harmon* v. *Brinckerhoff,* 1 Denio, 184. The warrant was illegal: (1) Because it contained no return day, *Sheldon* v. *Van Buskirk,* 2 N. Y. 478; (2) because not filled out when executed, *Newman* v. *Supervisors of Livingston,* 45 N. Y. 690. The court erred in excluding evidence that defendant Ward had paid over all moneys collected by him. *Fake* v. *Whipple,* 39 N. Y. 394.

*Nelson & West,* for respondents.

BARNARD, P. J. The plaintiff, upon proof of the bond given by defendants on the 19th day of March, 1872, established the fact of the liability of the defendant Ward, as collector, for the amount then uncollected upon the warrant. There is no pretense that, as to the sum still unpaid by the collector to the county treasurer, the collector has discharged himself from liability in the manner provided by law. 1 R. S. 396, § 38; *Muzzy* v. *Shattuck,* 1 Denio, 233.

The defendants offered to prove, upon the trial, that the original warrant was without any return day, and was not delivered until January 31, 1872. The legislature, by extending the time for the collection of the tax to the 25th of May, 1872, and the defendants having given the bond sued upon under the provision of this law, the objection that the warrant, originally, was without a return day, or was not delivered until the 31st of January, 1872, has no force. As to these parties, the legislature have made a return day and have provided sufficient time wherein to make the warrant. It was a matter of no consequence in what precise order of time the warrant was signed by the supervisors. Properly, it should have been filled up, as to amounts, before signature; but I do not think the warrant would be destroyed if a ministerial act was performed after the signature of the supervisors was affixed.

The warrant was annexed to a copy of the assessment roll, and that need not contain the affidavit of the assessors. *Boyd* v. *Grey,* 34 How. 327.

The judgment should be affirmed, with costs.

*Judgment affirmed.*