Ridley *et al.* agt. Brady

security where the testator's intentions are otherwise likely to be frustrated by the conduct of the tenant for life.

Now, in this case, there is the exceptional feature of the purpose on the part of the life beneficiary (a purpose well known to the other executors, and practically countenanced by them) of wasting the fund and of destroying the interests of the remaindermen therein, by converting and appropriating it to her individual use and benefit.

Under these circumstances it seems to me that the executors were grossly remiss in failing to obtain security for the secure transmission to the remaindermen of the principal of this estate.

This failure I regard as evidence of misconduct and improvident management by the executors, and of unfitness for the due administration of their trusts.

It is the general practice to defer the determination of an application of this character, pending accounting proceedings, until such proceedings have terminated, but the undisputed facts and the disclosures of the papers submitted herein, satisfy me that no injustice will be done to these executors by directing their immediate removal.

Let a decree be entered accordingly.

---

# CITY COURT OF NEW YORK.

## EDWARD A. RIDLEY *et al.* agt. THOMAS BRADY.

*Bond—Liability of sureties upon a bond conditioned that an employee shall account to his employer for goods and moneys entrusted to his care—Distinction between "an official bond" and a bond given in the usual course of business transactions: —The application of the Law of Bailment to the latter—State agt. Nevin (Alb. Law J., vol. 32, No. 13, p. 245), and cases there cited distinguished.*

There is a well-defined distinction between the liability of a surety upon a bond for the faithful performance of a public official's duties, and that of a surety upon a bond for the faithful performance of the duties of one not occupying such a position — one who is to perform duties in the ordi-

Ridley *et al.* agt. Brady.

nary sphere of an employee in the transaction of business between private individuals in a business community.

Sureties upon an official bond are bailees, but they are special bailees, subject to special obligations, and the ordinary laws of bailment cannot be invoked to determine the degree of their responsibility.

The ordinary laws of bailment can be invoked to determine the degree of the responsibility of sureties upon a bond for the faithful performance of the duties of others, not public officials.

In an action upon an employee's bond which, in terms, guarantees that he shall, at all times, "account" for all merchandise intrusted to him, and, if he "fails to account for any such goods," the surety will pay for their value:

*Held,* that such employee was a bailee for hire, and the law required of him ordinary diligence, and made him responsible for ordinary neglect; he was, in no sense, an insurer of the articles or moneys in his custody, and should not be held responsible for the same, if stolen from him, without any negligence or fault or want of care on his part:

*Held,* further, that a surety on the bond of such employee has a right to interpose a defense, under a denial of the allegations of the complaint, that such employee has accounted for the goods, admitted to have been stolen, within a legal construction of the terms of such bond.

*Trial term, before the court and a jury, December,* 1885.

MOTION for a new trial upon the judge's minutes.

*E. P. Wilder,* for plaintiff.

*Van Loon & Capron,* for defendant.

HYATT, *J.*—This is an action upon an employee's bond, which, in terms guarantees that he shall at all times "account" for all merchandise intrusted to him, and that if he "fails to account for any such goods" the surety will pay for their value.

The proof is that a package of silk was intrusted to the employee for delivery and was never delivered nor returned.

The defense is, under denials of the allegations of the complaint, that the goods were stolen without any act of neglect on the part of the plaintiff's employee.

Other defenses, to wit:

*First.* That the bond offered in evidence bears date Septem--

Ridley *et al.* agt. Brady.

ber 10, 1883, this being written in ink, and that the part of the bond containing the condition thereof bears date September 11, 1882, the figures being printed, was cured by amendment upon the trial.

*Second.* That the plaintiffs cannot sue without joining as plaintiffs the executors of Edward Ridley (formerly a member of the firm). This is not pleaded either by demurrer or answer; it is therefore waived (*Code of Civ. Pro., sec.* 499).

If this does not avail, it is sufficient that the evidence is that the plaintiffs, as surviving partners, have succeeded to all the firm property and are carrying on the firm business, having complied with the statutes as to the continued use of the firm name (*Matthews* agt. *Stietz,* 5 *Civ. Pro. R.,* 235).

So far, in my judgment, the plaintiffs' position is unassailable.

The question under consideration is, however, the right of the defendant, as surety for the plaintiffs' employee, to interpose the defense, under a denial of the allegations of the complaint, that such employee has accounted for the goods, admitted to have been stolen, within a legal construction of the terms of the defendant's bond.

The plaintiffs insist that this defense is not within the words of the condition of the bond, which are absolute that the employee shall account to his employers and that in default thereof the surety will be responsible.

In support of this position the plaintiffs cite many cases, holding that sureties upon "*official bonds*" are, under all circumstances, liable for the default of those for whom they have engaged to be responsible, in case of any default or their failure to faithfully perform their acknowledged duties.

A careful examination of all the authorities in support of this position, discloses that there is a well-defined distinction between the liability of a surety upon a bond for the faithful performance of a public official's duties, and that of a surety upon a bond for the faithful performance of the duties of one not occupying such a position—one who is to perform duties in the ordinary sphere of an employee, in the transaction of business

between private individuals in a business community. The authorities hold that the sureties upon an official bond are bailees, but that "they are special bailees, subject to special obligations, and that the ordinary laws of bailment cannot be invoked to determine the degree of their responsibility" (*United States* agt. *Thomas*, 15 *Wall.*, 341).

In the case of *State* agt. *Nevin* (*Alb. Law J.*, vol. 32, *No.* 13, *p.* 245), the appellant insisted that the contract of himself and his sureties, upon his official bond, to faithfully perform his duties, was simply that which the common law imposed upon a bailee for hire, and that he should not be held responsible for the money that was stolen from him, without any negligence or fault or want of care on his part.

The court held, that the "general rule is to the effect that public officers who are intrusted with public funds and required to give bonds for the faithful discharge of their official duties are not mere bailees of the money, to be exonerated by the exercise of ordinary care and diligence, that their liability is fixed by their bond, and that the fact that money is stolen from them without any fault or negligence upon their part, does not release them from liability on their official bonds."

In the case of *The United States* agt. *Prescott* (3 *How.*, 588), the court said "that the obligation to keep safely the public money is absolute without any condition expressed or implied; and nothing but the payment of it, when required, can discharge the bond."

The court placed its decision solely and exclusively on the ground of public policy. At page 588 (*United States* agt. *Prescott, supra*), the court say: "Public policy requires that every depositary shall be held to a strict accountability."

In all the cases determining the liability of a principal and his sureties upon an official bond, the doctrine is laid down that the ordinary laws of bailment cannot be invoked to determine the degree of their responsibility, and that the defense upon an unconditioned bond for the performance of official

duties, that money was stolen without negligence or fault, or want of care on the part of the officer, is not within the condition of such a bond.

It is true that in *United States* agt. *Prescott* (*supra*) the court say: " that the objection to this defense is, that it is not within the condition of the bond, and this would seem to be conclusive."

This, however, is not the ground upon which the court based their decision, as before stated the text of the same conclusively shows that such decision rests entirely upon principles of public policy.

If, in the words of BRADLEY, J. (*United States* agt. *Thomas*), "it is evident that the *ordinary laws of bailment* cannot be invoked to determine the degree of their (*public officials*) responsibility," it is an irresistible corrollary that the ordin. ry laws of bailment can be invoked to determine the degree of the responsibility of sureties upon a bond for the faithful performance of the duties of others, not public officials.

The position of the plaintiffs' driver, who failed to account for articles delivered to him, was one of trust for the benefit of both parties, or of both or one of them and a third party (in this case his bondsman, the defendant); the driver was a bailee for hire, the law required of him ordinary diligence and made him responsible for ordinary neglect (*Story on Bailments*, 25); he was in no sense an insurer of the articles or moneys in his custody, and should not be held responsible for the same, if stolen from him, without any negligence or fault or want of care on his part.

In the case at bar, the defendant (plaintiffs' driver's surety) adduced proof that the articles intrusted to his (the driver's) care were stolen from him, without his negligence or fault, and claimed that an account to the plaintiffs of such fact was within the conditions of the bond and a fulfillment of its terms.

If this is the correct legal construction of the unconditioned bond of the defendant, that the plaintiffs' driver should account for all articles delivered to him, it follows that the driver could

not be held responsible as a bailee, if a principal upon a bond, sustaining such a defense.

An elementary principle of law then determines that if the plaintiffs cannot recover against the principal (the driver) they cannot recover against his surety, the defendant.

The affirmative defense that the plaintiffs' articles were stolen from their driver, without any negligence or fault or want of care on his part, should have been submitted to the jury.

The omission to so submit and the direction of the court to find a verdict for the plaintiffs, was error.

It follows, therefore, that the verdict should be set aside and a new trial ordered.