DETERMINED IN THE

# FIFTH DEPARTMENT,

AT

## GENERAL TERM,

### January, 1886.

---

THE PEOPLE OF THE STATE OF NEW YORK EX REL.
EDWIN A. NASH, SURROGATE, ETC., RESPONDENT, v. JAMES
FAULKNER, JR., AS EXECUTOR, ETC., OF JAMES FAULKNER,
DECEASED, AND HENRY J. FAULKNER, APPELLANTS.

*Official bond of a surrogate — liability of his sureties for his failure to pay over moneys received — his good faith and the absence of negligence will not relieve them.*

This action was brought, pursuant to an order of this court, against James
Faulkner and Henry J. Faulkner, to recover from them as sureties upon the
official bonds of Samuel D. Faulkner, late surrogate of Livingston county,
certain moneys alleged to have been paid to him as such surrogate, and not
paid over or accounted for by him. The moneys in question were the proceeds
of the sale of real estate of a deceased person, made by the administrator,
under an order of the surrogate, for the payment of the debts of the deceased.
The bonds given by the administrator complied with the terms of the statute
relating thereto.

The answer set up as a defense, and the trial court found, that the said
moneys were deposited by the surrogate with a banker, who, at the time
of the deposit, was in good credit and standing, but who was afterwards
found to be insolvent, and by reason of such insolvency, a part of the said
moneys was lost, without fault or neglect on the part of the surrogate.

*Held*, that these facts constituted no defense to the action.

*The Supervisors of Albany County* v. *Dorr* (25 Wend., 440, and 7 Hill, 583)
overruled; and *Muzzy* v. *Shattuck* (1 Den., 233), followed.

APPEAL from a judgment, entered upon the decision of the court,
upon a trial at the Livingston Circuit, without a jury.

*Charles J. Bissell*, for the appellants.

*James Wood*, for the respondent.

Smith, P. J.:

The action was brought, pursuant to an order of this court, against James Faulkner and Henry J. Faulkner, to recover from them as sureties upon the official bonds of Samuel D. Faulkner, late surrogate of Livingston county, certain moneys alleged to have been paid to him as such surrogate and not paid over or accounted for by him. The answer sets up and the trial judge found that such moneys were deposited by the surrogate with a banker, who, at the time of the deposit was in good credit and standing, but who was afterwards found to be insolvent, and by reason of his insolvency a part of said moneys was lost, without the fault or neglect of the surrogate. Subsequently to the commencement of the action James Faulkner died, and the action was continued against James Faulkner, Jr., his executor, and Henry J. Faulkner. The counsel for the appellants contends that the facts set up in the answer and found by the court, as above stated, constitute a defense. At common law a public officer was liable only as bailee for negligence or malfeasance. (*Lane* v. *Cotton*, 1 Ld. Raymond, 646; *Whitfield* v. *Le Despencer*, Cowp., 754; *Browning* v. *Hanford*, 5 Hill, 588.) But the duties of a surrogate in respect to moneys received by him in his official capacity, are prescribed by statute, as is also the condition of the bond, which he is required to execute for the faithful discharge of his duties. The bonds in the present case comply with the statute, and contain the condition that the surrogate "shall well and truly and faithfully perform his duties as surrogate," and "shall well and faithfully apply and pay over all moneys and effects that may come into his hands as such surrogate, in the execution of his office." The moneys in question were the proceeds of the sale of real estate of a deceased person, made by the administrators, under an order of the surrogate for the payment of the debts of the deceased.

It has been held frequently in the federal courts, and in some of the sister States, that a bond with an unqualified condition to account for and pay over public moneys, enlarges the obligation of the receiving officer and deprives him of defenses which are available

to an ordinary bailee. (*The U. S.* v. *Prescott*, 3 How., 578; *The U. S.* v. *Morgan*, 11 id., 154; *The U. S.* v. *Dashiel*, 4 Wall., 182; *The U. S.* v. *Keehler*, 9 id., 83; *Boyden* v. *The U. S.*, 13 id., 17; *Bevans* v. *The U. S.*, 13 id., 56; *The U. S.* v. *Thomas*, 15 id., 337; *Commonwealth* v. *Comley*, 3 Penn., 272; *The State of Ohio* v. *Harper*, 6 Ohio St. R., 607; *The People* v. *Powell*, 67 Mo., 395; *Halbert* v. *The State of Indiana*, 22 Ind., 122; *Inhabitants of Hancock* v. *Hazzard*, 12 Cush., 112.) The case of *The Supervisors of Albany County* v. *Dorr* (25 Wend., 440) is not in harmony with those above cited, and that of *Cumberland County* v. *Pennell* (69 Maine, 357) seems to conflict with them to some extent. In the case of Dorr the Supreme Court of this State held that the bond of a county treasurer, conditioned to "faithfully execute the duties of his office" and to "pay, according to law, all moneys," etc., was a recognition of the common law rule of liability of a bailee, and that he was not responsible for moneys stolen from his office, without negligence or other fault on his part. The court relied upon the English cases of *Lane* v. *Cotton* and *Whitfield* v. *Le Despencer*, above cited. The case was affirmed in the Court for the Correction of Errors, on an equal division. (7 Hill, 583.) That case has generally been regarded as overrule by the subsequent case of *Muzzy* v. *Shattuck* (1 Den., 233), decided by the Supreme Court and unanimously affirmed by the Court for the Correction of Errors. (See note of Hill, Reporter, *Supervisors of Albany* v. *Dorr*, 7 Hill, 584; *Boyden* v. *The U. S.*, 13 Wall., 17, per STRONG, J., p. 18.) The Maine case above mentioned referred to many of the cases above cited, and declined to follow them in all respects, but it rested to a great extent upon the fact that in Maine the common law liability of public officers, as bailees, had not been enlarged by statute.

In the case of *The United States* v. *Thomas* (*supra*), Mr. Justice BRADLEY in his opinion, in which a majority of the court concurred, took a distinction between the absolute agreement to do a thing, and a condition to do the same thing, inserted in a bond; and he said in the latter case the obligor, in order to avoid the forfeiture of his obligation, is not bound at all events to perform the condition, but is excused from its performance when prevented by the law or by an overruling necessity. In that case the court recognized the effect

of an unqualified condition in the bond of a public officer, to account for and pay over public moneys, to be as herein above stated, but they held that the receiver of public money, whose bond was sued upon in that case, was excused by the forcible seizure by the authorities of the late Confederate government, of moneys in his hands, without his fault or negligence. The doctrine of that case does not, however, relieve the defendants here.

The case of *Muzzy* v. *Shattuck* (*supra*) was placed not on the effect of the bond as enlarging the liability of the officer, a town collector, but upon the provisions of the statute defining his duties, which, it was held, made him a *debtor* for the amount of the taxes received by him. The case seems to us irreconcilable with that of Dorr, in so far as the latter holds that a bond executed in pursuance of the statute conditioned that the officer shall account for and pay over moneys, etc., is but a recognition of the common law liability of a bailee, and to that extent overrules it. But it does not hold, as do the Federal and other cases cited above, that the bond enlarges the liability of the officer and his sureties. Nor are we aware of any reported case in this State in which that point has been expressly adjudged, one way or the other. Nevertheless, we are prepared to adopt the doctrine advanced by the cases referred to, and to hold that the obligation to pay created by the bonds in suit, is not excused or discharged by the facts alleged as a defense.

Even if we were to adopt the suggestion made by Mr. Justice MILLER, in his dissenting opinion in *United States* v. *Thomas* (*supra*), that the bond does not enlarge the obligations imposed upon the depositary by the statute, but is a mere security for their performance, we would reach the conclusion above stated.

The Revised Statutes, under which the bonds in suit were executed, made it the duty of the surrogate to pay out, apply and distribute, in the particular manner there indicated, the money received by him upon the sale of the real estate of a deceased person. (2 R. S., 106, §§ 36, 37, 38.) Compliance with those provisions was expressly required by the condition of the bond. The payment over to the surrogate of the proceeds of such sale had the effect to exonerate, *pro tanto*, the heirs and devisees of the testator or intestate, and all the remaining lands of which he died seized, from all claim or charge by reason of the debts established before

the surrogate on the application for the order of sale (sec. 33), and consequently to limit the security of the holders of such claims to the fund in the hands of the surrogate. These several provisions seem to us to recognize the surrogate " in the light of a debtor " (to use the expression found in *Muzzy* v. *Shattuck*), for the amount of the money received by him, and to point out the way in which the obligation can be discharged.

It is urged that, as the surrogate is a judicial officer, it is not to be supposed that it was intended to subject him to the rigorous degree of responsibility imposed by statute, in many cases, upon collectors, receivers and other fiscal officers. The anomaly of making the surrogate the actual custodian of the funds paid into his court has been abolished by the Code, all such moneys being now required to be paid over to the county treasurer. (Code Civ. Pro., §§ 2537, 2786.) But so long as the duty of receiving and paying out the money was imposed upon the surrogate, we think that as to such duty, and the obligations arising therefrom, he was on the same footing as if he had been a fiscal officer merely.

In regard to the certificate of deposit which was taken by the district attorney, acting in the place of the surrogate, and by him turned over to the surrogate, we think the defendants are liable. The surrogate received it from the district attorney as money, and there is no finding or proof that it was not good for its face when he received it.

The question whether the plaintiff can maintain this action was disposed of adversely to the defendants upon a former appeal. (31 Hun, 318.)

The result is that the judgment should be affirmed.

BARKER and BRADLEY, JJ., concurred · HAIGHT, J., not sitting.

Judgment affirmed.