## BRYAN et al. v. UNITED STATES.

### (Circuit Court of Appeals, Ninth Circuit. October 10, 1898.)

### No. 443.

1. POSTMASTER'S BOND—LIABILITY FOR ACTS OF CLERK.

A postmaster's bond, conditioned for the payment of all moneys "that shall come into his hands * * * from money orders issued by him," covers moneys received and embezzled by a money-order clerk.

2. SAME.

The liability on a postmaster's bond for the acts of a clerk is not affected by the fact that the clerk is appointed under the civil service act, and not by the postmaster.

In Error to the Circuit Court of the United States for the Northern District of California.

John T. Carey and Page, McCutcheon & Eells, for plaintiffs in error.

Samuel Knight, for the United States.

Before GILBERT and ROSS, Circuit Judges, and DE HAVEN, District Judge.

DE HAVEN, District Judge. This was an action by the United States to recover from William J. Bryan and others, the plaintiffs in error, the sum of $9,399.88 and interest from April 30, 1892, on account of their alleged liability as principal and sureties upon an official bond given by Bryan for the faithful performance of his duties as postmaster of the city of San Francisco for a term which commenced July 14, 1886, and ended June 30, 1890. By the terms of this bond the plaintiffs in error became jointly and severally bound to the United States that Bryan, the principal therein, would pay the balance of all moneys that might "come into his hands from postage collected * * * or money orders issued by him," and would also "faithfully do and perform all of the duties and obligations imposed upon or required of him by law or the rules and regulations of the department in connection with the money-order business." The complaint alleges that Bryan, in his official capacity as postmaster, received the sum of money demanded in this action in the transaction of the money-order business of his office, and neglected to account for and pay the same over to the United States. The answer in one paragraph contains a denial of the averment that Bryan did not properly account for and pay the balance of all moneys that came into his hands on money-order account in the post office at San Francisco, but this denial is qualified by an admission that there was due to the United States on such account, on June 30, 1890, the sum sued for, and that the same has not been paid; and it is alleged as a defense to this action that these moneys were embezzled by one James S. Kennedy, a clerk in charge of the money-order accounts and money-order funds of the post office at the city of San Francisco, during the period of time covered by the bond; that Kennedy was not appointed by Bryan, but held such office of clerk under the civil service laws of the United States, and the rules and regulations adopted in pursuance thereof, governing the tenure of office of clerks of that class, and that

the money so embezzled by Kennedy was lost to the United States without the fault or negligence of said William J. Bryan. The circuit court sustained a demurrer to this answer, and thereupon gave judgment for the plaintiff for the amount demanded in the complaint. 82 Fed. 290. This ruling of the court upon the demurrer is assigned as error.

It is apparent from the foregoing statement that the only question which is here presented for decision is this: Do the facts alleged in the answer excuse the principal in the bond from accounting to the United States for the money-order funds admitted to have been received at the post office at San Francisco while such principal was the postmaster, and during the term for which such bond was given? To this question a negative answer must be given. The postmaster at a money-order post office is the official custodian of all money received on account of money orders issued therefrom, and as such custodian it is his duty to account to the government for the same; and, in view of this fact, section 3834 of the Revised Statutes requires that the bond of the postmaster at a money-order post office "shall contain an additional condition for the faithful performance of all duties and obligations in connection with the money-order business." The condition above quoted from the bond sued on is that the principal therein will pay the balance of all moneys that shall "come into his hands from postage collected * * * or money orders issued by him." The words "come into his hands," as here used, have the same meaning as the phrase, "come into his official custody," and the true construction of this condition of the bond is that the principal, Bryan, would account for and pay over the balance of all such moneys as should come into his official custody as postmaster at San Francisco. The money which was received by Kennedy, the postal clerk in charge of the money-order business in that office, was thereby, in contemplation of law, received into the official custody of the postmaster; and the fact alleged in the answer that such money was embezzled by Kennedy constitutes no defense to this action. The cases sustaining this conclusion are so numerous that no extended discussion of the question is necessary. U. S. v. Prescott, 3 How. 578; U. S. v. Morgan, 11 How. 154; U. S. v. Keehler, 9 Wall. 83; Boyden v. U. S., 13 Wall. 17; U. S. v. Thomas, 15 Wall. 337; U. S. v. Zabriskie, 87 Fed. 714; Bosbyshell v. U. S., 23 C. C. A. 581, 77 Fed. 944. The facts that the clerk who embezzled the moneys sued for was not appointed by the principal in the bond, and that the tenure of office of such clerk was held under the civil service act of January 16, 1883 (22 Stat. 403), does not affect the obligation of the bond, nor render inapplicable the rule laid down in the cases above cited. The money received by this clerk on account of money orders issued was constructively in the official custody of the principal in the bond, and it was his duty to exercise official supervision over such clerk, and to see that the money so received by his subordinate was faithfully accounted for. The judgment is affirmed.