227 P.2d 217

**CECIL et al. v. GILA COUNTY.**

No. 5198.

Supreme Court of Arizona.

Jan. 29, 1951.

Lewkowitz & Wein, Charles C. Stidham and Jennings, Strouss, Salmon & Trask, *Phoenix, for appellants.*

Fred O. Wilson, Atty. Gen., and Richard C. Briney, Asst. Atty. Gen., for appellee.

UDALL, Superior Court Judge.

The appellee, plaintiff below, sued Barbara Cecil, individually and as Treasurer of Gila County, and the American Employers' Insurance Company, surety upon

the official bond of Barbara Cecil, to recover certain funds alleged to be missing from the Gila County Treasurer's office. The parties will be designated hereafter as they were in the lower court.

The record shows that on or about October 20, 1947, defendant Cecil reported to the Board of Supervisors of Gila County that the sum of $5,650 was missing from the safe in her office, and she asserted that the same had been taken by theft therefrom by some party, or parties, unknown to her. Prior thereto and before defendant Cecil took office on January 1, 1947, she as principal, and defendant American Employers' Insurance Company, a corporation as surety, made, executed and delivered to the Board of Supervisors of Gila County their written bond in favor of the State of Arizona, conditioned upon the faithful performance of such duties as were imposed upon her by law. The last clause thereof reads as follows: "Now, therefore, the condition of the foregoing obligation is such that if the *Principal shall faithfully perform such duties as may be imposed on him by law* and shall honestly account for all money that may come into his hands in his official capacity during the said term, then this obligation shall be void; otherwise it shall remain in force." (Emphasis supplied.)

It was shown that, notwithstanding demands were made upon defendants for restoration of the missing funds, they failed, neglected and refused to pay the same or any part thereof.

Defendants, who admitted all of the material allegations of the complaint, affirmatively alleged as a defense that defendant Cecil, as county treasurer, was not negligent; that she had exercised due care in the performance of her duties, and hence was not liable for public moneys missing from her office as a result of theft.

The case was tried to the court sitting without a jury and the court found for plaintiff and entered judgment in its favor in the sum of $5,650 with interest. After denial of motion for new trial this appeal followed.

Defendants base their appeal on six assignments of error. The first three assignments are wholly inadequate, since they do not comply with the rules governing appeals laid down by this court. They are merely conclusions of defendants and the court is not given the slightest indication as to where in the record the errors complained of may be found. We have repeatedly decided that such faulty assignments need not be considered. One of the more recent cases so deciding, and in that case we collate the earlier decisions, is Tidwell v. Riggs, 70 Ariz. 417, 222 P.2d 795.

Defendants' principal contention is that a public officer entrusted with public moneys is only liable for loss of same through negligence or fault on his part, i. e., he is not liable as an insurer. In the absence of

statutory provisions exempting him from liability of this kind, we cannot agree with such a contention.

Our basic law, the Constitution of Arizona, art. 12, Sec. 4, does not detail the duties of county officers, among whom is the county treasurer. It left such task to the legislature. Sec. 17–701, A.C.A. 1939, pronounces the duties imposed upon a county treasurer. It provides, in part:

"*Duties.*—The county treasurer shall:

"1. Receive all money of the county, and all other money directed by law to be paid to him, *safely keep,* apply and pay the same and render account thereof as required by law;" (emp. sup).

This statute does not excuse a county treasurer from liability where a loss occurs without negligence or fault on his part, but on the contrary by implication makes him absolutely liable for the safekeeping of funds in his custody until disbursed in regular course.

The rule of law applicable in the instant case has been heretofore announced by this court, and is the rule followed in the majority of other jurisdictions, as well as by the United States Supreme Court. The rule is that where a bond is conditioned for the payment over of public moneys, for the safekeeping of them, or the statute prescribes such, in substance, to be the duty of the officer, and the bond is conditioned for the faithful performance of the duties of the office, and no condition limiting that obligation is discoverable in the statute, the obligation thus imposed upon and assumed by the officer will be deemed absolute and the doctrine of strict liability applies, except perhaps for acts of God or public enemies. The plea that the money has been stolen or lost without his fault or negligence does not constitute a defense to an action for its recovery. There is no defense at law but a production of the funds, the contract being absolute in its terms. Loss by accident or otherwise is likewise not a defense in equity, as the allowance of such a defense would be dangerous to the public interests and is forbidden by considerations of public policy. U. S. v. Prescott, 3 How. 578, 11 L.Ed. 734; U. S. v. Griswold, 9 Ariz. 304, 80 P. 317, 318; and see 43 Am.Jur., Public Officers, Sec. 309, and cases and annotations cited therein.

In the case of U. S. v. Griswold, supra, a postmaster was sued on his bond for the loss of $1,963 alleged to have been stolen from him without negligence on his part. This court, speaking through Mr. Chief Justice Kent, said: " * * * While the rule (strict liability) in certain instances may work a hardship upon such officials, we can see no distinction in principle between the liability of a postmaster for the loss by theft of a registered package under a bond so conditioned, and the liability of a public official under the condition of a bond requiring him to safely keep public moneys; * * *."

The assertion by defendant Cecil that she was not negligent in that the money in question was stolen from her office by some party or parties unknown to her, being the only defense offered, would have required the lower court to grant a motion for judgment on the pleadings had one been made.

In view of the disposition here made of the case, it is unnecessary to consider any further assignments of error.

Judgment affirmed.

UDALL, C. J., and STANFORD, PHELPS and LA PRADE, JJ., concur.

EVO DE CONCINI, J., being disqualified, the Honorable DON T. UDALL, Judge of the Superior Court, Navajo County, was called to sit in his stead.