## KIMBALL v. CONNOLLY.

### December, 1866.

The owner of property who puts in a search for the purpose of obtaining a loan on mortgage, cannot maintain an action against the county clerk or searcher for a false return, in consequence of which the lender omitted to pay off an undisclosed incumbrance and the property was subsequently sold on execution without the owner having actual notice of the incumbrance; since payment of the incumbrance would not be a necessary consequence of a correct return disclosing it. The clerk or searcher is not chargeable with damages, at the suit of the owner who parts with nothing of value by reason of the erroneous return.

Elijah H. Kimball, executor and trustee under the will of Ellen Le Roy, sued Richard B. Connolly, the county clerk of New York, in the supreme court, to recover damages for an erroneous return made by one of his clerks or searchers to a requisition of search put in by plaintiff's testatrix.

Ellen Le Roy, the decedent, was, in 1858, the owner of a house and lot in the city of New York, and being desirous to obtain a loan upon a mortgage thereon, employed her attorney to search the title. The attorney made a requisition of search requiring defendant, as county clerk, to search for incumbrances against the premises. The defendant thereupon certified to the attorney that certain specified incumbrances existed against the premises and that nothing more was found. In fact, there was an incumbrance not mentioned in the return, consisting of a judgment in favor of one Smith against a former owner of the property, which was a lien at the date of the certificate, and should have been returned by the defendant. The plaintiff's testatrix paid defendant his legal fees for the search, and applied to an insurance company for a loan on the premises, and the company, on the faith of the certificate of search, made a considerable loan to her, satisfying first all liens certified by the defendant. And the judge found also that the loan was more than enough to have paid the omitted judgment, and that said judgment would have been paid, if it had been mentioned in the certificate of search. The testatrix and

the plaintiff were wholly ignorant of the existence of the omitted judgment. The creditor therein issued execution, and sold the premises thereon; the day for redemption passed, and the sheriff conveyed to the purchaser, who thereupon took possession by summary proceedings under the statute. Not until then, did the plaintiff learn the existence of the judgment. After paying costs of unsuccessful efforts to set aside the judgment on which the sale was had, the plaintiff compromised with the purchaser and paid him four hundred dollars for a reconveyance. He thereupon brought this action to recover from defendant, for the erroneous certificate of search, the sums which he had thus been compelled to pay.

The complaint simply alleged the employment of defendant to make the search, and the erroneous return and the sale, &c., under the judgment omitted, without making any reference to the mortgage loan, on occasion of which the search was made.

The judge before whom the cause was tried found the facts above stated, and held, as a conclusion of law, that the plaintiff was entitled to recover the sum paid to obtain a re-conveyance.

*The supreme court,* at general term, on appeal, reversed the judgment, and ordered a new trial, without, however, assigning their reasons therefor. The plaintiff appealed to this court, stipulating that, if the order should be affirmed, judgment absolute might be rendered for defendant.

*R. H. Underhill,* for plaintiff, appellant;—Cited, *Sess. L.* 1853, c. 142, §§ 4, 2, giving clerk's fees; Johnson *v.* Feseney, 3 *De Jex & J.* 13; Wendell *v.* Van Rennselaer, 1 *Johns. Ch.* 344; Jones *v.* Roberts, 9 *Beav.* 419.

*Charles H. Glover,* for defendant, respondent;—Cited, *L.* 1853, p. 265; 2 *L.* 1847, p. 560; Winterbottom *v.* Wright, 10 *Mees. & W.* 109; Thomas *v.* Winchester, 6 *N. Y.* (2 *Seld.*) 397; Tollit *v.* Sherstone, 5 *Mees. & W.* 283; Longmeid *v.* Holliday, 6 *Eng. L. & Eq.* 562; Strong *v.* Campbell, 11 *Barb.* 135; Florance *v.* Adams, 2 *Rob.* (*Louis.*) 556; Utica Ins. Co. *v.* Toledo Ins. Co., 17 *Barb.* 132; N. Y. Central Ins. Co. *v.* National Pro-

tection Ins. Co. 14 *N. Y.* (4 *Kern.*) 85 ; 1 *Greenl. on Ev.* §§ 78, *et seq. ;* Button *v.* Hudson R. R. R. Co., 18 *N. Y.* 248 ; Hordem *v.* Dalton, 1 *C. & P.* 181 ; Griffin *v.* Colver, 16 *N. Y.* 489 ; Smith *v.* Compton, 3 *B. & Ad.* 407 ; Hamilton *v.* Cutts, 4 *Mass.* 349 ; Starr *v.* Vanderheyden, 9 *Johns.* 253 ; De Rose *v.* Fay, 3 *Edw.* 369 ; 4 *Id.* 40 ; Howell *v.* Baker, 4 *Johns. Ch.* 118 ; Rergal *v.* Wood, 1 *Id.* 402 ; Hawley *v.* Cramer, 4 *Cow.* 740, 741.

LEONARD, J.—An act of the legislature, passed in 1853 (*L.* 1853, p. 265), provides that the county clerk shall have a sufficient number of competent searchers in his office ; shall cause searches, when ordered, to be made without delay ; shall certify to the correctness of his searches, and shall be held legally liable for all damages resulting from errors, inaccuracies or mistakes in his return. The plaintiff insists that this statute casts upon the defendant a legal liability for the loss sustained by the estate of his testatrix.

If that loss is the direct consequence of the omission of the defendant to return the judgment against Moses Le Roy in favor of Smith, the position of the plaintiff is sound. It is impossible, however, to hold to such a conclusion. Mrs. Le Roy took no action in consequence of the omission in the clerk's return to the search. She bought no property, and parted with nothing of value by reason of the erroneous return. The insurance company might have been subjected to damage by the loss of the security, upon which they were induced to part with their money, relying upon the accuracy of the defendant's return ; but that is not the case of Mrs. Le Roy. Her loss occurred from the non-payment of the judgment, and not from the error in the clerk's return. She obtained the loan for which she applied, and nothing was abated from it on account of this incumbrance. It was no injury, of which she can complain, to have the money paid to herself on effecting the loan, instead of having some part of it applied to the satisfaction of an outstanding judgment.

However probable it may be that the judgment would have been paid off by the insurance company out of the proceeds of the loan, if it had been returned upon the search, it is impossible to declare at this time that it would have certainly been so

Kimball *v.* Connolly.

applied.   Her object in causing the search to be made was not defeated by the omission to return the judgment.   She did not seek information about her title for any purpose but that of obtaining the loan.   It is no ground of complaint that she was not awakened by the return to take action for the removal of this judgment.   The knowledge which she would have derived from the return of it, would have been merely incidental; and it is uncertain whether the return, or the knowledge thereby acquired, would have been applied by Mrs. Le Roy to any purpose whatever.   No one can say what actually would have been done, under a different state of facts from those which actually occurred.   It is no answer to say that she could, or that she might, have paid the judgment, or prevented a sale: it does not make it certain that it would have been done.   The payment was not a necessary consequence of a correct return by the clerk; and, without such a direct and necessary result, to flow from his act or omission, the defendant cannot be made chargeable with damages.

The rule as to damages, under this statute, is not different from that prescribed by the common law.   When the damages are uncertain, indefinite, and incapable of being fixed, as the result of an act, negligence or omission, none can be imposed. Had a different rule been contemplated by the legislature, it would have been necessary to have imposed a fixed penalty; but the statute leaves it open to such damages as flow from the error, inaccuracy or mistake of the clerk, and can be ascertained to have been actually sustained.

The order appealed from should be affirmed, with costs, and the judgment be made absolute against the plaintiff.

All the judges concurred, except PORTER, J., not voting.

Order granting a new trial affirmed, and judgment absolute for defendant, with costs.