# N. Y. COMMON PLEAS.

## HENRY VAN SCHAICK agt. FRANZ SIGEL.

*Liability of register of New York for neglect or error in making and return-*
*ing an official search.*

The register of the city of New York is liable for all errors, inaccuracies
or mistakes made in a return, when the usual requisition has been made
at his office for a certificate of search.

And this, although the party in making his requisition at the register's
office, designated the clerk whom he desired should make the search
(*Affirming S. C.*, 58 *How.*, 211).

It is the duty of the register to make the search correct, and any failure
in that respect is a neglect of duty.

Where a plaintiff has been damnified by a wrong-doer, he must see to it
that his loss is not swollen by any act of omission, or of commission
on his part, but he is not called upon to do an act which will not affect
his own damages, though it would be of service to the wrong-doer.

*General Term, November*, 1880.

*Before* DALY, *Ch. J.*, J. F. DALY *and* VAN HOESEN, *JJ.*

VAN HOESEN, *J.* — The search, which proved to be errone-
ous, was made by De Grove, an employe of the defendant,
and its correctness was certified to by Lennox, the assistant
deputy register. No question as to the liability of the defend-
ant for the damages caused by the mistake exists, and the
principal point noted is, do these facts make the defendant
guilty of misconduct or neglect in office? The question is
important because the defendant's liabilities to arrest in this
action depends upon the answer. The language of the statute
seems to me to leave no doubt upon the point. It declares
that "it shall be the duty of the register to cause every writ-
ten order or written requisition for search to be made without
delay, and to be certified and ready for delivery within twenty
days from the receipt of such written order or requisition by
him; and he shall be liable for all damages and injuries

Van Schaick agt. Sigel.

resulting from errors, inaccuracies or mistakes in his return so certified by him." It is also provided that his deputy and his assistant deputy shall have the same powers as a deputy county clerk. It is obvious that it is the duty of the register to cause the search to be made and certified. The search must be correct, for there is a penalty imposed for any mistake or error. If it be the duty to make the search correct, any failure in that respect is a neglect of duty.

The act provides that the requisite machinery shall be placed in the register's hands, for he is empowered to appoint searchers. He need not personally search or personally certify, for he may *cause* the work to be done; but his is the liability if there be inaccuracy, error or mistake. He has the unrestricted choice of his subordinates, and, like a sheriff, he should answer for the doings of his assistants in the line of their duty. The principal which would excuse the defendant from arrest would extend to the case of every officer whose duties are partially performed by a deputy, or by clerks, for though the certificate should be given by his own hand, the officer could truly say, in most cases, that he relied upon some assistant for information as to the matters to which he certified, and that personally he knew nothing of the error for which the injured party sought to hold him answerable. It must be held to be the duty of the register to know what he certifies to be true, and to be a neglect of duty to certify to an error (*Pickard* agt. *Smith*, 10 *C. B.* [*N. S.*], 470). A suggestion to the register that the plaintiff would be glad to have the requisition given to De Grove (for the special memorandum amounted to nothing more than that), does not relieve the defendant from liability. De Grove was a searcher appointed by the defendant, and steadily engaged in the office, and in that most essential respect this case differs from that of *De Moranda* agt. *Dunkin* (4 *Term R.*, 119), where the sheriff was held not to be responsible for the act of a special bailiff appointed at the instance of the plaintiff.

It is said that when the plaintiff became aware that the search was incorrect, he was bound to communicate that fact to the defendant, that the latter might have bought up the Coffin mortgage before the costs of foreclosure had been added to it. It is undoubtedly true that the plaintiff was under obligation to make reasonable exertions to prevent the increase of the damages likely to fall upon himself, and thus incidentally to protect the defendant, but it was not his duty to go one step farther. He was not bound to know that the defendant could or would buy, or settle the Coffin mortgage, and he is not to suffer because he did not think of that plan. Where a plaintiff has been damnified by a wrong-doer, he must see to it that his loss is not swollen by any act of omission, or of commission on his part, but he is not called upon to do an act which will not affect his own damages, though it would be of service to the wrong-doer.

The opinion of judge LAREMORE states the facts and the law so clearly, that I think it unnecessary to say more.

The judgment should be affirmed, with costs.