GEORGE S. TILLINGHAST, as County Treasurer of the County of Madison, Respondent, v. J. HERMAN MERRILL, Supervisor of the Town of Stockbridge, et al., Appellants.

1. PUBLIC OFFICERS — RESPONSIBILITY FOR CUSTODY OF MONEYS. Public officers having the custody of public moneys are *ex virtute officii* insurers of the same, and are liable for a loss thereof although occurring without their fault or negligence.

2. SUPERVISOR — LIABILITY FOR PUBLIC MONEYS. It is no defense to an action on the official bond of a town supervisor, that public school moneys placed in his hands for disbursement under the statute were lost without fault or negligence on his part.

*Tillinghast* v. *Merrill*, 77 Hun, 481, affirmed.

(Argued October 26, 1896; decided December 1, 1896.)

APPEAL from a judgment of the General Term of the
Supreme Court in the fourth judicial department, entered
May 31, 1894, which affirmed a judgment in favor of plaintiff
entered upon a decision of the court on trial at Circuit with-
out a jury.

The nature of the action and the facts, so so far as material,
are stated in the opinion.

*Henry B. Coman* for appellants.   The defendant Merrill
was liable only as a bailee for ordinary care and prudence,
and the plaintiff was not entitled to a recovery without estab-
lishing negligence or bad faith.   (*Lane* v. *Cotton,* 1 Ld. Raym.
646; *Whitfield* v. *Le Despencier,* Cowp. 744; *Supervisors* v.
*Dorr,* 25 Wend. 440; *People ex rel.* v. *Faulkner,* 107 N. Y.
477; Story on Bailments, §§ 130, 620; 2 Kent's Comm. [Holmes'
ed.] 827; *U. S.* v. *Thomas,* 15 Wall. 337; *Peck* v. *James,* 3
Head [Tenn.], 75; *Cumberland Co.* v. *Pennell,* 69 Me. 357;
*U. S.* v. *Adams,* 24 Fed. Rep. 348; *State* v. *Houston,* 78 Ala.
576; 83 Ala. 361; *Houghton* v. *Freeland,* Grant's Ch. 500;
*York Co.* v. *Watson,* 15 S. C. 1; *Twitty* v. *Houser,* 17 N.
C. 1.)   There is nothing in the language of the statutes which
indicates an intention on the part of the legislature to impose
a more stringent liability than that of the common law.   (R.
S. [8th ed.] 1281, 1283; *U. S.* v. *Thomas,* 15 Wall. 337;
9 Stat. at Large, 60, 61, 63; 3 Stat. at Large, 723, § 2;
1 Stat. at Large, 705; 2 Stat. at Large, 75, 514.)   An
official bond neither adds to nor diminishes the liability of
the officer.   It is simply a security that he will faithfully per-
form the duties of his office, and not a contract imposing addi-
tional duties or liabilities.   (2 R. S. [8th ed.] 1048; *Super-
visors* v. *Dorr,* 25 Wend. 440; *Wilson* v. *People,* 34 Pac.
Rep. 944; *U. S.* v. *Thomas,* 15 Wall. 337.)   Public policy,
in this state, at this time, does not require that public officers
be held to a more stringent rule of responsibility than that of
the common law.   (*People ex rel.* v. *Faulkner,* 107 N. Y.
477; 14 U. S. Stat. at Large, 44.)   There is nothing in this
case from which bad faith or negligence can be inferred.

(*Pattison* v. *S. N. Bank*, 80 N. Y. 82; Story on Bailments [9th ed.], § 398; *S. Nat. Bank* v. *O. Nat. Bank*, 11 Blatchf. 362; *Com. Bank of Albany* v. *Hughes*, 17 Wend. 94; *Curtis* v. *Leavitt*, 15 N. Y. 9; *Æ. Nat. Bank* v. *F. Nat. Bank*, 46 N. Y. 82.)

*John E. Smith* and *Joseph Mason* for respondent. Upon the receipt of the school moneys by the defendant J. Herman Merrill, as supervisor of the town of Stockbridge, he became the debtor of the town in the sum so received by him. (*Muzzy* v. *Shattuck*, 1 Den. 233; *Fake* v. *Whipple*, 39 N. Y. 394; 2 R. S. [8th ed.] 1117, § 6; 1283, § 6; *People ex rel.* v. *Faulkner*, 107 N. Y. 486.) The defendant Merrill became absolutely responsible for the school moneys upon their receipt by him. Nothing but a proper disbursement of the same and payment of the balance, if any, in his hands at the close of his term of office to his successor would discharge him or his sureties and satisfy the conditions of his bond. (*United States* v. *Prescott*, 3 How. [U. S.] 578; *Boyden* v. *United States*, 13 Wall. 21; *Board of Education* v. *Jewell*, 44 Minn. 427; *Township of Taylor* v. *Norton*, 37 Iowa, 550; *Thompson* v. *Township No. 16*, 30 Ill. 99; *Halbert* v. *Martyn County*, 22 Ind. 125; *Hennepin County* v. *Jones*, 18 Minn. 199; *Jefferson County* v. *Limberger*, 3 Mont. 231; *Morbeck* v. *State*, 28 Ind. 86; *Rock* v. *Stinger*, 36 Ind. 346; *Union Township* v. *Smith*, 39 Iowa, 9; *Hancock* v. *Hazzard*, 12 Cush. 112; *Redwood County* v. *Tower*, 28 Minn. 45.) The loss of the money in question, by reason of the insolvency of E. C. Stark & Co., private bankers, with whom the defendant Merrill deposited the same as a general deposit, thereby making himself their creditor, is no defense to this action. (*State ex rel.* v. *Powell*, 67 Mo. 395; *Ward* v. *Colfax County*, 10 Neb. 293; *Lowery* v. *Polk County*, 51 Iowa, 50; *Wilson* v. *Wichita County*, 67 Tex. 647; *Perley* v. *County of Muskegon*, 32 Mich. 132; *Mason* v. *Directors of the Poor*, 126 Penn. St. 445; *Hart* v. *Guardians of Poor*, 81 Penn. St. 466; *Supervisors of Omro*

v. *Kaime*, 39 Wis. 468; *State ex rel.* v. *Moore*, 74 Mo. 413; *United States* v. *Morgan*, 11 How. [U. S.] 154; *United States* v. *Dashiel*, 4 Wall. 182; *United States* v. *Keehler*, 9 Wall. 83; *Boyden* v. *United States*, 13 Wall. 17; *Bevans* v. *United States*, 13 Wall. 56.) The supervisor should be held to a strict accountability. He should exercise the highest degree of vigilance. (*United States* v. *Prescott*, 3 How. [U. S.] 578; *State* v. *Houston*, 78 Ala. 576; *United States* v. *Thomas*, 15 Wall. 337; *Peck* v. *James*, 3 Head [Tenn.], 75.) This action was not prematurely brought. It was not necessary to wait until the expiration of the defendant Merrill's term of office before commencing suit upon his bond. A cause of action accrued immediately upon the breach of any of its conditions. (2 R. S. [8th ed.] 281; *Supervisors of Allegany Co.* v. *Van Campen*, 3 Wend. 48; *Board of Suprs. T. Co.* v. *Bristol*, 99 N. Y. 317; *State* v. *Nevins*, 19 Nev. 162; *School District No.* 1 v. *Lyford*, 27 Wis. 506; *Board of Commissioners of Redwood County* v. *Tower*, 28 Minn. 45.)

BARTLETT, J. The defendant Merrill, while supervisor of the town of Stockbridge, in the county of Madison, deposited with a firm of private bankers to his credit, as supervisor, certain of the public moneys in his hands; the banking firm afterwards failed and the money was totally lost. This action was brought by the county treasurer to recover the money of Merrill and his bondsmen, upon the theory that Merrill on receiving the money became the debtor of the county, and that the deposit of the same was at his own risk.

The trial judge found that Merrill acted in good faith and without negligence in all that he did in the premises.

Under these circumstances the learned counsel for the defendants has urged, with much earnestness and ability, that a supervisor rests under the common-law liability whereby he was bound to exercise good faith and reasonable diligence in the discharge of his duties, and is not responsible for any loss of money which came to his official custody, occurring with-

out fault on his part; that proof of the failure of the banking firm, where he had deposited the money in good faith and without negligence, is a complete defense to this action.

The trial judge and General Term have found against the defendants, and it remains for this court to determine which measure of liability is to be applied to a supervisor under the circumstances stated.

The question is an open one in this state, and as the case at bar presents a claim against a supervisor who acted in good faith and without negligence, we are permitted to consider and decide this appeal upon general principles and in the light of public policy.

It is rather remarkable that in a great business state like New York this question should not have been decided long since by the court of last resort.

In 1841 the case of *Supervisors of Albany County* v. *Dorr* (25 Wend. 440) came before the Supreme Court, composed of Nelson, Ch. J., and Justices Bronson and Cowen.

Dorr was county treasurer and had given a bond to faithfully execute the duties of his office and pay according to law all moneys. The declaration was on the bond, alleging breaches in not paying over and in not accounting.

Dorr pleaded that the identical money received by him was stolen from his office without negligence on his part. To this plea the plaintiff demurred.

Chief Justice Nelson, delivering the opinion of the court, stated that the question was "whether an officer concerned in the receipt and disbursement of the public funds is an insurer of the same, *ex virtute officii*, whilst they necessarily remain in his custody."

He then stated that "the principle was decided in favor of the defendant in *Lane* v. *Cotton & Frankland* (1 Ld. Raym. 646), and subsequently confirmed in *Whitfield* v. *Le Despencer* (Cowp. 754), and is in conformity with the general rule of daily application that in order to subject the officer it is necessary to prove misconduct or neglect in the execution of his duties." Justices Bronson and Cowen concurred.

An appeal was taken to the Court of Errors, and that court equally divided upon the question, the effect of which was to affirm the judgment below, and the case stands with no more force as a precedent than a unanimous opinion of the Supreme Court.

Chancellor WALWORTH, in the Court of Errors, wrote for affirmance, thus adding his name to those of the distinguished justices of the Supreme Court, who had decided to limit the liability of a public officer by the rule of the common law.

It has been a mooted question whether this case was overruled by *Muzzy* v. *Shattuck* (1 Denio, 233), decided in 1845.

Mr. Hill, in his note to *Supervisors* v. *Dorr*, in Court of Errors (7 Hill, 584), says that in *Muzzy* v. *Shattuck* the law seems to have been settled, and properly, directly the other way.

On the other hand, Judge EARL, in *People ex rel. Nash* v. *Faulkner* (107 N. Y. 486), in referring to *Supervisors* v. *Dorr*, says : " The doctrine of that case has been erroneously supposed to have been overruled by the decision in *Muzzy* v. *Shattuck*. In the latter case the action was upon the official bond of a town collector, and the defense was that the money was stolen from him. It was held that the defense was not good, the Supreme Court then being composed of BRONSON, Ch. J., and Justices BEARDSLEY and JEWETT ; and BRONSON, who concurred in the prior decision, also concurred in this without any indication that he had changed his views. The prior decision was referred to in the opinion of the court, but not criticised or disapproved. This decision was based, not upon the common law, and not upon the force and effect of the official bond given by the collector, but upon the statutes defining the duties and liabilities of the collector ; and the court held that by those statutes he was made an absolute debtor for the money collected by him, and that the fact that the money was stolen, therefore, constituted no defense." The learned judge, after a further elaboration of his views as to *Supervisors* v. *Dorr*, reaches the conclusion that, in view of the decisions of the Federal and State courts, the case should prob-

ably not be regarded as binding authority in this state, and that the question therein decided is an open one; he also held that it was not necessary to decide the question in the case in which he was writing, as the money received by the defendant surrogate was not public money, but belonged to a private estate or to individuals.

It, therefore, comes to this, that for forty-five years the case of *Supervisors* v. *Dorr* (25 Wend. 440) has stood without being directly overruled by any case in this state, and the rule of the limited liability of the common law approved therein by four of our most distinguished judges.

It must be admitted, however, that the weight of authority in the Federal and State courts is in favor of holding officials having the custody of public moneys liable for its loss, although accruing without their fault or negligence. In many of these cases the decision turned upon the construction of the local statute or the official bond, but others squarely decide the question on principles of public policy.

In the case at bar, the defendant Merrill is sought to be held liable for school moneys paid to him by the county treasurer to disburse in payment of the salaries of school teachers upon the orders of the trustees. The statute imposing this duty reads as follows, viz.:

" It is the duty of every supervisor,

" 1. To disburse the school moneys in his hands applicable to the payment of teachers' wages upon and only upon the written orders of a sole trustee, or a majority of the trustees, in favor of qualified teachers.   *   *   * "   (2 R. S. [8th ed.] page 1283, section 6.)

By paragraph 8 of the same section a supervisor is required to pay to his successor all school moneys remaining in his hands.

In this statute it will be observed that there are no explicit declarations of the legislative intent, as in the case of town collectors, to create a supervisor the debtor of the county for public moneys in his hands, and the condition of the bond to safely keep, faithfully disburse and justly account for the same does not add to the liability created by statute.

As before intimated, we must consider and decide this question upon general principles and in the light of public policy.

In the case of an officer disbursing the public moneys much may be said in favor of limiting his liability where he acts in good faith and without negligence, and a strong argument can be framed against the great injustice of compelling him to respond for money stolen or lost while he is in the exercise of the highest degree of care and engaged in the conscientious discharge of duty. When considering this side of the case it shocks the sense of justice that the public official should be held to any greater liability than the old rule of the common law which exacted proof of misconduct or neglect.

It is at this point, however, that the question of public policy presents, and it may well be asked whether it is not wiser to subject the custodian of the public moneys to the strictest liability, rather than open the door for the perpetration of fraud in numberless ways impossible of detection, thereby placing in jeopardy the enormous amount of the public funds constantly passing through the hands of disbursing agents.

Without regard to decisions outside of our own jurisdiction, we think the weight of the argument, treating this as an original question, is in favor of the rule of strict liability which requires a public official to assume all risks of loss and imposes upon him the duty to account as a debtor for the funds in his custody.

We do not wish to be understood as establishing a rule of absolute liability in any event. The United States Supreme Court, in *United States* v. *Thomas* (15 Wallace, 337), held the surveyor of customs for the port of Nashville, Tennessee, and depositary of public money at that place, not liable when prevented from responding by the act of God or the public enemy.

If that state of facts is hereafter presented to this court it will doubtless be carefully considered whether it does not present a proper exception to the general rule.

It would not be profitable to refer in detail to the many cases Federal and State, which sustain the strict rule of liability, and we content ourselves with a reference to a number of them involving losses by robbery, burglary, bank failure and the like. (*United States* v. *Prescott*, 3 How. [U. S.] 578; *U. S.* v. *Morgan*, 11 How. [U. S.] 154; *U. S.* v. *Dashiel*, 4 Wall. 182; *U. S.* v. *Keehler*, 9 Wall. 83; *Boyden* v. *U. S.*, 13 Wall. 17; *Bevans* v. *U. S.*, 13 Wall. 56; *Inhabitants of Hancock* v. *Hazzard*, 12 Cush. 112; *Commonwealth* v. *Comly*, 3 Penn. St. 372; *Inhabitants of New Providence* v. *McEachron*, 33 N. J. L. 339; *State ex rel., etc.*, v. *Powell*, 67 Mo. 395; *Lowry* v. *Polk County*, 51 Iowa, 50; *Perley* v. *County of Muskegon*, 32 Mich. 132; *Nason* v. *Directors of the Poor*, 126 Penn. St. 445; *Supervisors of Omro* v. *Kiame*, 39 Wis. 468; *Redwood County* v. *Tower*, 28 Minn. 45; *State* v. *Harper*, 6 Ohio St. 607; *Halbert* v. *State*, 22 Ind. 125; *Ward* v. *School District*, 10 Neb. 293.)

The views we have expressed lead to a final judgment against the defendant Merrill as supervisor of the town of Stockbridge, although he is shown by this record to have discharged his official duties in an honorable and faithful manner.

The judgment appealed from should be affirmed, with costs.

All concur, except GRAY, J., dissenting, and MARTIN, J., not sitting.

Judgment affirmed.