(24 Misc. Rep. 164.)

MERCER et al. v. FLOYD et al.

(Supreme Court, Special Term, Onondaga County.  June, 1898.)

1. MUNICIPAL CORPORATIONS—POWERS—EXPENDITURES IN AID OF INDIVIDUALS.
     Laws 1897, c. 111, providing for the relief of tax collectors of certain
     towns of Oneida county who lost tax moneys collected by them, re-
     spectively, through the failure of the Ft. Stanwix National Bank, of
     Rome, in which said moneys were deposited, violates Const. art. 8, § 10,
     forbidding any municipality to give any money to or in aid of any indi-
     vidual, or to incur any debt except for municipal purposes.

2. SAME—REMEDY OF TAXPAYERS.
     The statutes authorizing a taxpayer to bring an action to restrain public
     officials from doing an alleged unlawful act include an action to have a
     certain law declared to be in violation of Const. art. 8, § 10, forbidding any
     municipality to give any money to or in aid of an individual, or to incur
     any debt except for municipal purposes, and certain officials restrained
     from proceeding thereunder.

Action by Stephen R. Mercer and others, residents and taxpayers
of the town of Western, Oneida county, against C. Frank Floyd,
as supervisor of the town of Western, and others, to have Laws
1897, c. 111, declared unconstitutional, and to restrain certain offi-
cials from proceeding thereunder.   Judgment for plaintiff.

Jones, Townsend & Rudd, for plaintiffs.
J. K. O'Connor, for board of supervisors.
G. C. Morehouse, for defendant Floyd.
J. S. Baker, for defendant Burch.

HISCOCK, J.   The defendant Burch, while acting as collector of
the town of Western, in and for the years 1895 and 1896, collected
and deposited in the Ft. Stanwix National Bank, of Rome, tax
moneys to the amount of $7,192.97.   These moneys were credited
to him on the books of the bank in the name of "Seymour J. Burch,
collector town of Western," and subsequently proofs of claim
against the receiver of the bank were made out in the same form.
Some time in 1896 this bank failed.   Its receiver paid dividends
upon said deposit to the amount of about $4,322.25, leaving a defi-
ciency of $2,870.72, which deficiency by said collector and his bonds-
men has been made good.   On or about March 25, 1897, an act was
passed by the legislature of the state of New York, and subsequent-
ly approved by the governor, which provided, in substance, that the
board of supervisors of Oneida county might raise by the ordinary
process of taxation, in the various towns in said county, a sum suffi-
cient to reimburse the collectors of said towns for any loss upon
deposits made by them as such collectors, respectively, in said bank.
No tax of this kind was to be raised in any town without the con-
sent of taxpayers therein who were assessed for more than one-half
of the total valuation of the taxable property, various proceedings
being prescribed by which this latter fact should be certified and
made certain.   The moneys, when so collected in any town, were
to be paid over to the person for whose relief the same was received
or to his bondsmen.   At its regular session in December, 1897, the
defendant board of supervisors commenced proceedings under said

53 N.Y.S.—28

act to raise the sum of $2,870.27, upon the taxable property of the town of Western, for the relief of the defendant Burch, and shortly thereafter this action was commenced, to perpetually restrain such levy, etc. After the action was commenced, the board of supervisors reconsidered and rescinded the steps theretofore taken by it under said law.

It is practically conceded, as it must be upon this action, that the defendant Burch was liable for the moneys collected by him as a tax collector and deposited in the Rome bank, as above stated, and that he and his bondsmen are and were not relieved from liability to make up the loss and deficiency arising upon the failure of said bank because he was free from fault. This liability, under the statute relating to his office and the bond given by him as such officer, has been finally and fully settled within the principles laid down in Tillinghast v. Merrill, 151 N. Y. 135, 45 N. E. 375.

Proceeding upon this assumption and this extent of liability, it is insisted by plaintiffs that the act heretofore mentioned was one providing for the private relief of the collector and his bondsmen, and, as such, was unconstitutional. I think this contention is well founded. The collector, as above stated, was bound to pay over to the proper authorities the moneys which had been collected by him. He was not exempted from so paying them over because part of them had been lost without his fault, through the failure of the bank wherein they were deposited. He and his bondsmen were, in effect, compelled to bear the loss upon such deposit arising from such failure, and the result of this act, therefore, is to reimburse him and his bondsmen for a loss which they are legally bound to bear. However unfortunate and much to be regretted the loss is, and however free from personal fault he may be, this risk of losing part of his collections in such a manner as this is one that was undertaken and assumed when he assumed the office, and when the undertaking was executed by his bondsmen. Such being the case, it is too well settled to make it profitable to review the authorities that the legislature cannot authorize, and the county and town authorities cannot make, a levy and take the property of the taxpayer to relieve the collector from his loss. There cannot be any doubt but what the appropriation of private property, under the form of taxation for such a purpose, is unlawful, under the general principles of law which govern the subject. The power of taxation is, of course, and should be, broad, and vested with great powers of discretion. But underlying all of its forms is the general principle that it is to be exercised for public purposes and benefits, and not for private relief or gratuity. This principle, as applicable to such a case as this, has been expressly enunciated, but perhaps not much enlarged, in the provisions of section 10 of article 8 of the constitution, which provides that "no county, city, town or village shall hereafter give any money or property, or loan its money or credit to or in aid of any individual; * * * nor shall any such county, city, town or village be allowed to incur any indebtedness except for county, city, town or village purposes."

It is urged that it is not unlawful or unconstitutional for a mu-

nicipality to repay an individual for services performed or moneys expended for its benefit, and whereby a moral or equitable, if not legal, claim has arisen; and reference is made to the discussion of that question in Bush v. Board, 10 App. Div. 542, 42 N. Y. Supp. 417. Assuming this contention to be, as it very likely is, correct, I do not think that it applies to this case. The town of Western has not received from the moneys in question any benefit or advantage which may be the basis of an equitable claim. The defendant Burch has unfortunately, and, so far as it appears, without personal fault, lost them. The loss has been a misfortune to him, but not the source of any benefit or advantage to the town; and the law in question seems to be more like the one under review in the case just cited to repay drafted men, and which was held to be for private relief and unconstitutional, than the class of cases referred to by counsel herein.

In answer to the further defense urged, that plaintiffs are not entitled to bring this action, it is to be said that the statutes authorizing a taxpayer to bring an action of this kind are very broad, and, in my judgment, amply cover the present case. The case of Bush v. Board, above cited, seems to be precedent, upon largely similar facts, for an action of this kind.

Judgment is therefore directed for plaintiff, with costs against the defendant board of supervisors. Costs are awarded against said defendant, and said defendant alone, for the reason that, so far as it appears, it alone has done anything to carry out the provisions of the law in question. In addition, I think that in this case it is equitable that the costs should be borne by the county represented by said defendant which is interested in having an adjudication upon the constitutionality of the law in question, as it affects other towns, rather than that they should be imposed upon the individual defendants, one of whom has already suffered quite largely. Ordered accordingly.