THE PEOPLE OF THE STATE OF NEW YORK ex rel. FELIX LETTS, Respondent, *v.* WILLIAM MILLER COLLIER and Others, Constituting the STATE CIVIL SERVICE COMMISSION, Appellants.

THE PEOPLE OF THE STATE OF NEW YORK ex rel. GUSTAVE NATHAN, Respondent, *v.* WILLIAM MILLER COLLIER and Others, Constituting the STATE CIVIL SERVICE COMMISSION, Appellants.

THE PEOPLE OF THE STATE OF NEW YORK ex rel. FREDERICK A. BESSERER, Respondent, *v.* WILLIAM MILLER COLLIER and Others, Constituting the STATE CIVIL SERVICE COMMISSION, Appellants.

*Civil service — confidential positions in the office of the register of Kings county — the statutory authority to require a bond does not affect the right to select the employees.*

The following persons employed in the office of the register of the county of Kings occupy, by reason of the register's statutory liability for the acts of his subordinates, confidential positions and cannot be placed in the competitive class of the civil service list:

(1) A person who deposits daily the moneys received by the register's office, answers the subpoenas *duces tecum* and collects the outstanding credit accounts of the register;

(2) A person who has charge of the register's official seal, of all the papers left for record and of all papers relating to proceedings for the opening of streets and who, after the record of an instrument has been compared and corrected, affixes the official seal to the instrument and then presents the same to the register for his signature and certificate;

(8) A person who, with a fellow, verifies the work of recording each instrument and then certifies the correctness of the record, in reliance upon which certification the register's official seal and the certificate of record are affixed to the instrument.

The provision of the statute authorizing the register to require bonds from his subordinates is not a substitute for the exercise by him of his personal judgment in the selection of such subordinates, but is a measure for the protection of the register which is available to him in his discretion.

APPEAL by William Miller Collier and others, constituting the State Civil Service Commission, defendants in each of the above-entitled proceedings, from an order of the Supreme Court in each proceeding, made at the Kings County Special Term and entered in the office of the clerk of the county of Kings on the 31st day of March, 1902, directing that a peremptory writ of mandamus issue requiring the defendants to strike from the competitive class the position held by the relator in such action.

*Elton D. Warner*, for the appellants.

*Hugo Hirsh*, for the respondents.

*Franklin M. Danaher*, for the interveners.

JENKS, J.:

The question in these cases is whether the positions of the respective relators are confidential, and, therefore, exempt from competitive examination.

Each relator shows the duties incident to the position held by him, and the answering affidavit is in effect that the State Civil Service Commission believes that the position is not confidential, and that it is possible to fill it by competitive examination. In *People ex rel. Sweet* v. *Lyman* (157 N. Y. 368) the court (at p. 387) says: " Surely the civil service commission cannot change the actual status of a position by declaring one which is actually confidential not to be so, nor is it vested with power to repeal a valid statute or to practically annul it by declaring a position to be competitive when the law has provided otherwise, and the position is plainly of a strictly confidential character." I am of opinion that these positions are confidential for the following reasons: I think that the Legislature has cast liability upon the register for the official work

of his office, certified by him, although the details of such work are done by his subordinates.   Section 4 of chapter 706 of the Laws of 1901 in part provides as follows: " The register of the county of Kings shall, before entering upon the duties of that office, file, in the office of the district attorney of the county of Kings, a bond to the People of the State of New York, approved as herein provided, in the sum of twenty thousand dollars, with not less than two sureties, conditioned that the said register will faithfully discharge the duties of his office, and in case of any official misconduct, default, mistake or omission of duty on the part of the said register, an action upon such bond may be begun and prosecuted to judgment by the *person* or *corporation* injured or damaged by such official misconduct, default, mistake or omission of duty."   The important assurance to the individual who has business with that office is that such business shall be done without mistakes, for mistakes in such matters may often lead to serious consequences.   Although work is certified by the register none supposes that he personally does or can do any of the details thereof.   The Legislature recognizes this course of business in that by section 2 it not only provides for some thirty specified subordinates, but also authorizes the register to appoint as many copyists and recording clerks as may be necessary.   If the purpose of this provision of section 4 is to assure the individual against the consequences of mistakes in the work of the register, when officially certified by him, it is of no moment, so far as the individual is concerned, whether the work is done by one person or another.   And if such be the purpose of the provision, it seems absurd to hold the register responsible under the statute for only the work of which the details were wholly done by him, for the reason that none supposes that there is any work of such character.

The individual looks to the certificate of the register, who, being compelled to certify to the work, has an opportunity to oversee and to safeguard it.   And it must be remembered that responsibility of the public officer is wholly based upon mistakes, that he is afforded by the statute (§ 6) the protection of a personal bond from each subordinate in such amount as he may prescribe, and that the scheme of the statute is to assure the innocent individual against loss consequent upon the mistakes of another.   If the scheme of the statute is not, then, to hold the register responsible for the omissions or

commissions of his subordinates, in work certified by him, no good reason appears why the register should be clothed with the power to exact, for his personal benefit, bonds from each of his subordinates. Under statutes which provided that such officials should be legally liable for all damages resulting from errors, inaccuracies or mistakes in their certified returns, it was held in one case that the county clerk, and, in another, the register, would be legally liable notwithstanding that the work certified was done by subordinates in their respective offices. (*Kimball* v. *Connolly,* 2 Abb. Ct. App. Dec. 504; *Van Schaick* v. *Sigel,* 60 How. Pr. 122.) The responsibility thus declared is a legislative application of the doctrine of *respondeat superior.* But this doctrine is logically based upon the right of the superior to select his subordinates and to dismiss them if careless, incompetent or unskillful (*Maxmilian* v. *Mayor,* 62 N. Y. 161; *Ham* v. *Mayor,* 70 id. 459), and it would seem an anomaly to hold that the register should be declared responsible for the acts of certain subordinates and yet have no untrammeled choice in the selection or retention of them.

The principle behind the policy of the statute is stated in Mechem on Public Officers (§ 664) as follows: " But, on the other hand, it is equally well settled that where the law imposes upon a public officer the performance of ministerial duties in which a private individual has a special and direct interest, the officer will be liable to such individual for any injury which he may proximately sustain in consequence of the failure or neglect of the officer either to perform the duty at all or to perform it properly."

In *People ex rel. Sweet* v. *Lyman* (*supra*) the definitions of " confidential " given in *People ex rel. Crummey* v. *Palmer* (152 N. Y. 217, 220) and in *Chittenden* v. *Wurster* (Id. 360) are adopted: " The statute which we have under consideration has reference to officials, and the confidential relations mentioned undoubtedly have reference to official acts, and include not only those that are secret, but those that involve trust and confidence which are personal to the appointing officer. If, therefore, the statute casts upon an officer a duty involving skill or integrity, and a liability either personal or on the part of the municipality which he represents, and he intrusts the discharge of this duty to another, their relations become confidential." And again: " We then were of the opinion that

where the duties of the position were not merely clerical and were such as especially devolved upon the head of the office, which, by reason of his numerous duties, he was compelled to delegate to others, the performance of which required skill, judgment, trust and confidence, and involved the responsibility of the officer or the municipality which he represents, the position should be treated as confidential."

I now examine the character of the duties of each relator in view of these definitions. Mr. Nathan deposits each day the moneys received in the office of the register, answers the *subpœnas duces tecum,* and collects the outstanding credit accounts of the register. These duties require certain trust and confidence. The register, under the statute, is bound to account for and pay into the city treasury all receipts of his office. May he not be held liable to the city upon the principle of *Tillinghast* v. *Merrill* (151 N. Y. 142)? In this case it was said: " It is at this point, however, that the question of public policy presents,* and it may well be asked whether it is not wiser to subject the custodian of the public moneys to the strictest liability, rather than open the door for the perpetration of fraud in numberless ways impossible of detection, thereby placing in jeopardy the enormous amount of the public funds constantly passing through the hands of disbursing agents. Without regard to decisions outside of our own jurisdiction, we think the weight of the argument, treating this as an original question, is in favor of the rule of strict liability, which requires a public official to assume all risks of loss, and imposes upon him the duty to account as a debtor for the funds in his custody."

Mr. Letts is the custodian and has charge of the official seal of the register, of all of the papers left for record before they are recorded, and of all papers relating to proceedings for the opening of streets. After the comparers have compared and corrected the record of an instrument, and have initialed it, Mr. Letts affixes the official seal to the instrument, and then presents the same to the register for his signature and his certificate. I think that the mere statement of the duties is sufficient to show that they " involve trust and confidence personal to the register."

Mr. Besserer is a comparer, who, with a fellow, takes the record

---

\* *Sic.*

made by the copyists, and the instrument, and verifies the work, correcting all errors, comparing the book with the instrument, and then certifies the correctness of the record, whereupon, and in reliance of such certification, the official seal of the register is affixed to the instrument, and the certificate of record is also affixed thereto and signed by the register. This, I think, in the language of *Chittenden* v. *Wurster* (*supra*), is not a position merely clerical, but the duties thereof are those especially devolved on the head of the office, which, by reason of his numerous duties, he is compelled to delegate, the performance of which requires skill, trust and confidence, and involves the responsibility of the officer. I do not think that the provision of the statute that the register may require bonds from his subordinates should be held as a substitute for the exercise of personal judgment in the selection of subordinates for confidential positions, but rather as a measure for the protection of the register which is available to him in his discretion.

Of course, any exception to a rule may be made a pretext to violate the rule under cover. And, of course, there have been and there will be subterfuges employed to make mere clerical positions appear confidential with danger to the civil service principle and with injustice to those who otherwise might compete for them. It is the duty of the courts to be vigilant to detect and to check such wrongs; but I cannot find that these proceedings concern positions whose duties (I care not for the title given to the positions) are not fairly confidential within the decisions cited in this opinion.

The orders appealed from should be affirmed, without costs.

GOODRICH, P. J., BARTLETT, WOODWARD and HIRSCHBERG, JJ., concurred.

Orders affirmed, without costs.